James **WILLIAMS**, Plaintiff–Appellant,

v.

**NEW YORK CITY TRANSIT AUTHORITY**, Defendant–Appellee.

No. 05–1484–CV.

United States Court of Appeals, Second Circuit.

Oct. 20, 2005.

James Williams, Bronx, New York, for Appellant, pro se. Joyce R. Ellman, Office of the General Counsel, New York City Transit Authority, Brooklyn, New York, for Appellee.

PRESENT: MESKILL, NEWMAN, and RAGGI, Circuit Judges.

Corrected SUMMARY ORDER

*Pro se* plaintiff James Williams appeals from an award of summary judgment in favor of defendant New York City Transit Authority ("NYCTA") on Williams's claim of discriminatory discharge based on race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*[1] We review *de novo* an award of summary judgment, and we will affirm only if the record, viewed in the light most favorable to Williams, reveals no genuine issue as to any material fact and NYCTA's entitlement to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *see also Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir.2005); *June v. Town of Westfield*, 370 F.3d 255, 257 (2d Cir. 2004). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

On an independent review of the record, we conclude, substantially for the reasons stated by the district court, that the plaintiff has failed to adduce admissible evidence sufficient to establish a genuine dispute of fact as to whether defendant's stated non-discriminatory reason for Williams's termination was a pretext for race discrimination. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (" '[T]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.' " (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)); *see also Collins v. New York City Trans. Auth.*, 305 F.3d 113, 119 (2d Cir.2002).

We further conclude that the district court did not abuse its discretion either in denying Williams's request to have counsel appointed, *see Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172–74 (2d Cir.1989),[2] or in issuing various discovery orders, *see B.F. Goodrich v. Betkoski*, 99 F.3d 505, 523–24 (2d Cir.1996). Having already conducted substantial discovery in an ultimately unsuccessful effort to secure evidence in support of his Title VII claim, Williams is not now entitled to further discovery in the hope that something supportive of his claim will turn up. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 49–50 (2d Cir. 2000).

The district court's award of summary judgment in favor of defendant, entered on February 1, 2004, is hereby AFFIRMED.

[1]. The district court had earlier dismissed Williams's claims against the Transport Workers Union ("TWU") for alleged violations of Title VII and Section 301 of the Labor–Management Relations Act, 29 U.S.C. § 185. *See Williams v. New York City Trans. Auth.*, No. 97 Civ. 6996(ERK) (Mem. & Order) (E.D.N.Y. March 13, 2001). That ruling is not at issue on this appeal.

[2]. At the inception of this action, Williams was represented by counsel who, with his client's permission, subsequently withdrew from the case. *See Williams v. New York City Trans. Auth.*, No. 97 Civ. 6993(ERK) (E.D.N.Y. May 17, 1999) (Cal.Entry) (Pollak, MJ.).